UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC TEAGUE** | **CIVIL ACTION NO. 6:16-CV-0188** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE DEE DRELL** |
| **USA** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Pro se petitioner, Eric Teague, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on February 10, 2016, while confined at the St. Martin Parish Jail, awaiting trial. Petitioner attacks his January 16, 2016 arrest and subsequent imprisonment, praying for pre-trial release. On February 16, 2016, the undersigned issued a Memorandum Order directing Plaintiff to either submit a filing fee or complete the application to proceed *in forma pauperis* on the approved forms, copies of which were provided. That order directed the plaintiff to amend his complaint within thirty (30) days to correct the deficiency and advised that failure to comply would result in the pleadings being stricken from the record. [Rec. Doc. 3]

Plaintiff has failed to submit the proper forms to proceed in forma pauperis or submit the required filing fee. Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Writ of Habeas Corpus be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Lafayette, Louisiana, this 20th day of April, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE